**RAIBLE, Plaintiff-Appellant, v. RAYDEL et al, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22629.    Decided October 1, 1952.

William J. Kraus, Cleveland, for plaintiff-appellant.
Corrigan, McMahon & Corrigan, Cleveland, for defendant-appellees.

**OPINION**

Per CURIAM:

This cause comes before this Court at this time on motion of defendants-appellees to dismiss the appeal of the plaintiff-appellant on the ground that the matter appealed from is not a final order.

For purposes of brevity, the parties will be designated as plaintiff and defendants as they appear below.

The action is predicated upon an amended petition containing eight causes of action filed by C. Greif Raible as plaintiff, against nine defendants, which seeks to set aside a settlement agreement in writing dated June 29, 1948, providing for the maintenance and support of a minor child of the defendant, Alice E. Raydel. The agreement was the result of a bastardy proceeding in a Justice of the Peace Court, wherein the plaintiff, C. Greif Raible was charged with being the father of said child. The settlement agreement, as appears by the record, was made in pursuance of the provisions of §12114 GC, the pertinent part of which reads as follows:

"If, during the examination before the justice or judge, or before judgment in the court of common pleas, or juvenile court, the accused pays or secures to be paid to the complainant such amount of money or property as she agrees to receive in full satisfaction of all claims, she may have individually against said accused arising out of said complaint, such justice, court, or judge shall discharge him from custody, upon his paying the costs of prosecution. Such agreement must be made or acknowledged by both parties in the presence of the justice, court, or judge, who thereupon shall enter a memorandum thereof on his docket or cause it to be made upon his journal * * *."

According to the terms of the agreement, The Central National Bank of Cleveland was designated as trustee and directed as first charge upon a certain trust estate to pay the sum of $500.00 monthly for the support of said minor child. In his amended petition the plaintiff included said Central National Bank, trustee, as a party defendant. Upon receipt of the summons, the bank trustee ceased payments which it had been making regularly since the time of the settlement, a period of nearly four years, and filed a motion for an interlocutory order with the court praying for instructions as to the disposition of said monthly payments, pending the outcome of the suit. Defendants filed certain motions and caused to be issued subpoenas duces tecum which were served on the plaintiff instructing him to appear and produce documents and give his testimony, in order that the court might dispose of the motion of the bank trustee praying for in-

structions. The plaintiff failed to attend in response to the subpoenas. Whereupon the court issued an order requiring the plaintiff to attend and produce evidence and give testimony. From this order the plaintiff appeals to this court on questions of law.

Upon consideration of the record we are of the opinion that the order appealed from is not a final order and that the order of the trial court does not constitute an abuse of discretion as alleged by plaintiff.

The trial court on the state of the record shown here was acting within the limits of its jurisdiction and of sound discretion, by requiring plaintiff to appear and testify in response to subpoenas. It is our view that the trial court in such a case has authority to compel the attendance of a plaintiff who seeks equitable relief, to appear and testify concerning matters initiated by the action of the plaintiff himself. Furthermore, the court in such a situation has power and authority to issue a body attachment compelling plaintiff to appear in response to the subpoenas issued and the order of the court, and has authority to proceed further by citing the plaintiff to show cause why he should not be found guilty of contempt for his defiance of the court's order.

Considering these matters, it appears to us that the trial court was very lenient and that the plaintiff has no cause to complain either in the trial court or by appeal to this court. The conduct of the plaintiff who comes into a court of equity for relief and then challenges the jurisdiction of the court to require the attendance of plaintiff to testify under oath in response to subpoenas, is such as to require strict measures on the part of the trial court, and defiance of the trial court will not be countenanced or condoned by this court.

On the face of the record this appeal, as well as the appeal covered by memorandum of even date herewith on Motion No. 10179, is so obviously frivolous and without merit as to lead to the inevitable conclusion that the principal purpose is to hinder and delay the normal progress of litigation. The parties are admonished that we will not permit the Court of Appeals to be used as an instrument for the purpose of dilatory, vexatious and frivolous appeals. We are not now passing upon the merits of this litigation but we feel that the litigants should be reminded that all persons stand alike before the bar of justice, and that no person, whatever his or her position in life may be, is above the law.

As hereinbefore stated, we are of the opinion that the order appealed from is not a final order and that the appeal should be dismissed.

Further we find there are no reasonable grounds for bringing this appeal and the same is dismissed at plaintiff's costs. Exceptions noted.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.